**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2774-17T2

MCDONALD INFORMATION
SERVICES, INCORPORATED,

     Plaintiff-Respondent,

v.

IKNOW, LLC (a Delaware
Limited Liability Company),

     Defendant-Appellant,

and

INCODA CORP., LLC (a Delaware
Limited Liability Company),
BERNARD L. PALOWITCH, JR.,
and VIJAY RAGAVAN,

     Defendants.

_____

Submitted December 6, 2018 – Decided July 8, 2019

Before Judges O'Connor and Whipple.

On appeal from the Superior Court of New Jersey, Law
Division, Mercer County, Docket No. L-0439-14.

Webber McGill, LLC, attorneys for appellant (James K. Webber and Christena A. Lambrianakos, on the briefs).

Riker Danzig Scherer Hyland & Perretti, LLP, attorneys for respondent (Frank J. Vitolo, of counsel and on the brief; Thomas M. Kenny, on the brief).

PER CURIAM

In this action for breach of contract, defendant Iknow, LLC appeals from a January 9, 2018 judgment entered in favor of plaintiff McDonald Information Services, Inc. for $455,000, plus interest and costs. Although there are three other defendants, for the balance of the opinion the term defendant shall refer to Iknow only. We affirm.

The evidence adduced during the five-day bench trial revealed plaintiff is in the business of collecting unfavorable information about individuals and entities that might be of interest to others and, in particular, financial institutions. Plaintiff places the information it collects into its "negative database" and sells certain negative data to third parties for a profit.

Plaintiff purchased software it believed would enhance its ability to search for and collect adverse information about people and entities that it could add to its database. However, plaintiff was unable to launch, implement, and use the software. Defendant is in the information technology business, and plaintiff contracted with defendant to make the software efficacious to it.

The pertinent contract the parties entered into is referred to as the "Contract II" (contract). According to its witnesses, plaintiff paid defendant over $390,000 for its services, but defendant failed to deliver that which plaintiff bargained for under the terms of the contract, specifically, installing and making the software workable. Defendant's witnesses testified that defendant did perform its obligations under the contract.

In its complaint, plaintiff asserted various causes of action against defendant, including breach of contract. Defendant filed a counterclaim alleging it was entitled to damages because plaintiff had been unjustly enriched by the services it provided to plaintiff, and that the doctrine of promissory estoppel precluded plaintiff from recovering against defendant.

By the end of the trial, all causes of action in plaintiff's complaint had been dismissed, except for its claim for breach of contract. After the trial, the court issued a comprehensive written opinion setting forth its findings of fact and conclusions of law. The court found plaintiff proved its cause of action against defendant for breach of contract and that plaintiff was entitled to damages in the amount of $455,000. The court rejected the allegations in defendant's counterclaim.

A-2774-17T2

On appeal, defendant contends: (1) plaintiff's evidence "was not competent on the main issue;" (2) plaintiff's witnesses were not competent to contradict defendant's witnesses on any technical issue; (3) the trial court's decision was inconsistent with a prior ruling; and (4) defendant is entitled to a retrial on its counterclaim for unjust enrichment.

Final determinations made by the trial court "premised on the testimony of witnesses and written evidence at a bench trial" are reviewed in accordance with a deferential standard. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (second alteration in original) (quoting In re Trust Created By Agreement Dated December 20, 1961, 194 N.J. 276, 284 (2008)). However, a trial court's legal determinations are not entitled to any special deference and are reviewed de novo. D'Agostino, 216 N.J. at 182 (citing Manalapan Realty, LP v. Twp. Comm., 140 N.J. 366, 378 (1995)).

After reviewing the record and applicable legal principals, we conclude defendant's arguments are without sufficient merit to warrant discussion in a

written opinion. <u>R.</u> 2:11-3(e)(1)(E). We find no basis to disturb the trial court's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION